UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ABLE GUTIERREZ RAMIREZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-25-1540-J |
| ) | |
| KRISTI NOEM, et al., ) | |
| ) | |
| Respondents. ) | |

### ORDER

Petitioner, Able Gutierrez Ramirez, a noncitizen from Mexico, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. The matter was referred to United States Magistrate Judge Amanda L. Maxfield, who issued a Report and Recommendation recommending the Court deny the Petition because Petitioner seeks class relief unavailable in this judicial district and because he failed to sufficiently allege a due process claim [Doc. No. 9 at 1–2]. The parties were advised of their right to object to the Report and Recommendation by March 2, 2026. Petitioner filed an objection [Doc. No. 10], triggering de novo review.

For the reasons below, the Court DECLINES TO ADOPT the Report and Recommendation and the Petition is GRANTED to the extent it alleges Petitioner's lack of bond hearing violates federal law.

**I.  Background**

Petitioner is a citizen of Mexico who entered the United States in 2001 [Doc. No. 8 at 6]. He was not apprehended upon arrival and has therefore lived in the United States for nearly 25 years. *Id.*; [Doc. No. 1 ¶¶ 5, 19]. He was detained by Immigration and Customs Enforcement around November 2025 and is currently in custody at the Cimarron Correctional Facility [Doc. No. 1 ¶ 1; Doc. No. 7 at 9]. Petitioner filed a Petition for Writ of Habeas Corpus alleging

Respondents' decision to subject him to mandatory detention violates: (1) his right to due process under the Fifth Amendment and *Zadvydas v. Davis*, 533 U.S. 678 (2001); (2) his rights as a bond eligible class member under *Bautista v. Santacruz*, No. 5:25-CV-1873, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025); and (3) his statutory rights under the Immigration and Nationality Act (INA)—specifically, 8 U.S.C. § 1226(a).[1] Respondents contend Petitioner is not entitled to a bond hearing under § 1226(a) because he is detained under § 1225(b)(2) [Doc. No. 7 at 6].

II. **Analysis**

As observed in the Report and Recommendation, the "overwhelming majority" of courts have concluded that individuals who were admitted into the United States and who have lived in the country for extended periods are entitled to an individualized bond hearing under 8 U.S.C. § 1226(a) [Doc. No. 9 at 2]; *see also Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026) (collecting cases). Given this consensus, the central question before the Court is not the viability of the legal theory itself but whether the Petition sufficiently alleged a violation of § 1226(a) so as to place the issue before the Court.

In the Report and Recommendation, Judge Maxfield recommends denial of Petitioner's claim that his detention violates § 1226(a) on the ground that it was raised only in a "perfunctory" manner in the Petition and then improperly developed for the first time in the Reply. *Id.* at 6–7. Specifically, Judge Maxfield concludes that Petitioner failed to allege an independent statutory violation because the § 1226(a) claim was embedded within Petitioner's Count I claim, which is predicated on membership in the class recognized in *Bautista*. *See id.* In *Bautista*, a California court granted class certification and declared that the Department of Homeland Security's policy

---

[1] Because the Court grants Petitioner's request for a bond hearing under 8 U.S.C. § 1226(a), it declines to consider Petitioner's alternative arguments that he is entitled to relief under the Fifth Amendment and *Zadvydas* or as a bond eligible class member under *Bautista*.

2

of categorizing anyone charged with being inadmissible as an "applicant for admission" under § 1225(b)(2)(A), and thus ineligible for a bond hearing, violated the INA. As Judge Maxfield reasons, "petitioners around the country" are asserting membership in the *Bautista* class, and while their claims are "inherently related to the argument that § 1226 should apply instead" of § 1225, they "seek to sidestep the statutory analysis entirely." *Id.* at 3. Moreover, because Petitioner is represented by counsel, Judge Maxfield declines to "liberally construe his Petition to include a statutory violation claim." *Id.* at 7 (citing *Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

Petitioner objects, arguing that Judge Maxfield erred in finding that Petitioner's claim under the INA was waived [Doc. No. 10 at 1]. Specifically, Petitioner contends that "a formalistic pleading rule" should not "foreclose review of what" is otherwise a meritorious statutory argument. *Id.* at 2.

Although the question is a close one and Petitioner concedes the "allegation was brief," *id.*, the Court concludes that the Petition adequately raises a claim under § 1226(a) that can be reached independent of Petitioner's reliance on the class-based relief recognized in *Bautista*. Here, the Petition frames the issue as a "Violation of the INA: Request for Relief Pursuant to *Maldonado Bautista*" and alleges, among other things, that: (a) "As a member of the Bond Eligible Class, Petitioner is entitled to consideration for release on bond under 8 U.S.C. § 1226(a)" and (b) "By denying Petitioner a bond hearing under § 1226(a) and asserting that he is subject to mandatory detention under § 1225(b)(2), Respondents violate Petitioner's statutory rights under the INA and the Court's judgment in *Maldonado Bautista*" [Doc. No. 1 at 7, ¶¶ 28 and 32]. While these allegations reference *Bautista*, they simultaneously identify § 1226(a) as the statutory source and explicitly assert that Respondents have misapplied the detention statute and denied Petitioner the bond hearing that § 1226(a) provides. The prayer for relief further reinforces that Petitioner seeks

3

relief grounded in § 1226(a) itself. Specifically, the Petition requests a "writ of habeas corpus requiring Respondents to release Petitioner unless they provide a bond hearing under 8 U.S.C. § 1226(a) within seven days," without reference to the *Bautista* judgment. *Id.* at 8. Finally, Petitioner was not apprehended upon arrival. Instead, he was "arrested in Oklahoma City, Oklahoma." *Id.* ¶¶ 5, 19. So, as someone who is not a recent arrival seeking inspection and admission into the United States, Petitioner asserts his detention is governed by § 1226(a) rather than § 1225(b)(2). *Id.* ¶¶ 27–32; [Doc. No. 8 at 5–6]. In sum, as another district court judge recently held in a near identical situation, reading the Petition to deny relief would be "too restrictive" because the allegations in the Petition and the Reply are sufficient to raise the § 1226 issue. *Akhalaia v. Figueroa*, No. CIV-26-133-R, 2026 WL 637620, at *2 (W.D. Okla. Mar. 6, 2026). Accordingly, the Court declines to treat Petitioner's § 1226(a) claim as waived.

### III. Conclusion

For the reasons above, the Court DECLINES TO ADOPT the Report and Recommendation [Doc. No. 9] on de novo review and GRANTS Petitioner's Petition to the extent it alleges Petitioner's lack of bond hearing violates federal law. The Court ORDERS Respondents to provide Petitioner with a prompt bond hearing under 8 U.S.C. § 1226(a), or otherwise release Petitioner. Respondents shall certify compliance no later than March 16, 2026.

A separate judgment will enter.

IT IS SO ORDERED this 9th day of March, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

4